**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GERALD LEON RAINES,**

        **Petitioner,**

    **v.**                        **CASE NO. 2:05-cv-933
JUDGE MARBLEY
MAGISTRATE JUDGE KING**

**WARREN CORRECTIONAL INSTITUTION,**

        **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as untimely under 28 U.S.C. §2244(d).

## I. PROCEDURAL HISTORY

According to the petition, this case involves petitioner's April 4, 1984, guilty plea to murder in the Franklin County Court of Common Pleas. Petitioner had been previously convicted on the same charge after a jury trial in 1982, but the conviction was reversed on appeal, and petitioner thereafter pleaded guilty to the charge. He was sentenced to fifteen years to life incarceration. In 1987, after being denied release on parole, petitioner filed his first federal habeas corpus petition. *See Raines v. Stickrath*, Case No. 2:87-cv-1173 (S.D. Ohio).[1] Petitioner's habeas corpus petition

---

    [1] The Court is unable to determine from the docket at this time the date that petitioner's first habeas corpus petition was dismissed.

was dismissed without prejudice as unexhausted. *Petition*, at 21. Thereafter, petitioner filed a motion to withdraw his guilty plea with the trial court, in which he asserted that his guilty plea was not voluntary, that he had been denied the effective assistance of counsel, and "unconstitutionally restrained of liberty." *Petition,* at 2. Petitioner's motion to withdraw guilty plea was denied after a hearing in 1989. Petitioner subsequently filed a motion for delayed appeal with the Tenth District Court of Appeals; however, on April 25, 1995, the appellate court denied his motion for delayed appeal, advising him that his claims relied on evidence not readily apparent from the face of the record and were not properly considered on direct appeal. *Petition*, at 2, 22; *Appendix C* to Petition. Petitioner does not indicate whether he ever filed an appeal of the appellate court's decision to the Ohio Supreme Court. Approximately eight years later, on September 16, 2003, petitioner filed a petition for post conviction relief with the state trial court. He again asserted that his guilty plea was not voluntary, and that he had been denied the effective assistance of counsel. He also raised claims of improper indictment and malicious prosecution. On October 15, 2003, petitioner's petition for post conviction relief was denied as untimely. On May 13, 2004, the appellate court affirmed the judgment of the trial court, and on September 29, 2004, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *Appendix D and E* to Petition.

On September 22, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

    1. Petitioner's guilty plea was not entered voluntarily.

    2. Ineffective assistance of counsel.

    3. Petitioner was accused and indicted on the word of an unknown informant.

4.  Petitioner was indicted on an out-of-court confession made by his
co-defendant (Frances Johnson) while she was in police custody at
the Los Angeles police department.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas

corpus actions.  28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the
> latest of--
>
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

Where, as here, petitioner's conviction became final prior to the effective date of the AEDPA, he

had one year from the effective date of the AEDPA, or until April 24, 1997, within which to file his

habeas corpus petition. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). He failed to do so. Further, petitioner's September 2003, petition for post conviction relief did not toll the running of the statute of limitations under 2244(d)(2), because the statute of limitations expired long before such action was filed.

Additionally, the record does not reflect any extraordinary circumstances that would justify equitable tolling of the statute of limitations.

> The doctrine is used sparingly by federal courts. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act *643 diligently cannot invoke equitable principles to excuse that lack of diligence."). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys,* 209 F.3d at 561.

*Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003). In order to determine whether equitable tolling of the statute of limitations is warranted, the Court considers the following factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

4

*King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004), quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988). The record fails to reflect lack of actual notice or constructive knowledge of the filing requirement for habeas corpus petitions, and petitioner would not have been reasonable in remaining ignorant of the one-year filing requirement for the time period at issue here. Lack of actual notice and "ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999);[2] *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003). Additionally, the record simply fails to reflect that petitioner exercised diligence in pursuing his claims. He waited approximately eight years after the state appellate court's April 1995, dismissal of his delayed appeal before filing his September 2003, petition for post conviction relief with the state trial court. Thereafter, he waited another year after the Ohio Supreme Court's September 2004, dismissal of such action, before filing the instant habeas corpus petition, in September 2005. Finally, respondent will suffer some prejudice, if only in terms of time and expense, if this Court were to equitably toll the statute of limitations in this case.

---

[2] The United States Court of Appeals for the Sixth Circuit stated as follows regarding the defense of ignorance of the law:

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218.

5

Petitioner nonetheless asserts that equitable tolling of the statute of limitations is appropriate because he suffers from post traumatic stress disorder as a result of his service in the Vietman War, and from an unspecified military disability. Additionally, petitioner asserts that due to the difficulties of prison life and as a result of family deaths, he was unable to earlier file the instant habeas corpus petition. *Petition*, at 19.

> Illness--mental or physical--tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir.1996) (discussing mental illness); *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 168-70 (S.D.N.Y.2000) (discussing physical and mental illness and collecting cases).... "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee,* 232 F.Supp.2d 761, 768 (E.D.Mich.2002). *See also, Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir.2001) ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time" (citation and internal quotation marks omitted) (emphasis added)); *Biester v. Midwest Health Serv., Inc.,* 77 F.3d 1264, 1268 (10th Cir.1996) (finding equitable tolling inappropriate where the evidence demonstrated the plaintiff's ability to file his claim, in spite of his mental condition); *Lopez v. Citibank, N.A.,* 808 F.2d 905, 907(1st Cir.1987) (same).

*Price v. Lewis*, unpublished, 119 Fed.Appx. 725 (6th Cir. January 5, 2005); *see also Bellbrey v. Douglas,* unpublished, 124 Fed.Appx.. 971 (6th Cir. March 7, 2005)(equitable tolling not appropriate where petitioner failed to establish causal connection between mental illness and the ability to file a timely habeas corpus petition). The record fails to reflect that illness or other disability prevented petitioner from litigating his claims for the time period at issue.

6

Petitioner asserts that this action is a continuation or "reopening" of his 1987 habeas corpus petition, and that this habeas corpus action therefore "relates back" to his 1987 filing, and is timely. This Court is not persuaded by petitioner's argument. The record fails to support petitioner's allegation that his 1987 habeas corpus filing somehow prevents the statute of limitations from barring the filing of the instant habeas corpus petition. *See McMurray v. Scott*, unpublished, 136 Fed.Appx. 815 (6th Cir. June 7, 2005)(holding that equitable tolling not appropriate where petitioner waited ten months before returning to federal court after exhausting his claims)(citations omitted).

Lastly, although petitioner asserts that he is "actually innocent," *Petition*, at 22, the record fails to demonstrate a "credible showing of actual innocence" so as to justify equitable tolling of the statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." ... *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90 (footnote omitted). Such are not the circumstances here.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


October 21, 2005                                                  *s/Norah McCann King*
                                                                  Norah McCann King
                                                                  United States Magistrate Judge